13-2055
Sanogo v. Holder

BIA
Sichel, IJ
A088 378 063

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER
FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF
APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER
IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN
ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY
ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30ᵗʰ day of July, two thousand fourteen.

PRESENT:
>JOSÉ A. CABRANES,
>ROBERT D. SACK,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

CHEIK TAHIROU SANOGO, AKA CHEIKTALO
SAVADOGO, AKA MAMADOU DIALLO,
>*Petitioner,*

v.                                          13-2055
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>*Respondent.*

_____

FOR PETITIONER:      Gary J. Yerman, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney
                     General; Linda S. Wernery, Assistant
                     Director; William C. Minick, Trial

**Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Cheik Tahirou Sanogo, a purported native and citizen of Ivory Coast, seeks review of an April 30, 2013, decision of the BIA affirming the April 20, 2012, decision of an Immigration Judge ("IJ"), pretermitting his asylum application as untimely and denying withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Cheik Tahirou Sanogo*, No. A088 378 063 (B.I.A. Apr. 30, 2013), *aff'g* No. A088 378 063 (Immig. Ct. N.Y. City Apr. 20, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

## I. Asylum

An asylum applicant must demonstrate "by clear and convincing evidence," that he filed his application within one year after arriving in the United States. 8 U.S.C. § 1158(a)(2)(B). Our jurisdiction to review the agency's timeliness determination is limited to constitutional claims and questions of law. *See* 8 U.S.C. §§ 1158(a)(2)(B), (3), 1252(a)(2)(D); *Dong Zhong Zheng v. Mukasey*, 552 F.3d 277, 285 (2d Cir. 2009).

The IJ found that Sanogo lacked credibility regarding the date of his last entry to the United States and therefore failed to establish that he timely filed his asylum application. Sanogo challenges the reasonableness of that credibility finding, which is a factual finding we lack jurisdiction to review. *See* 8 U.S.C. §§ 1158(a)(2)(B), (3), 1252(a)(2)(D). Although he also argues that the IJ erred by failing to make a determination of his nationality, a threshold legal question in determining asylum eligibility, *see Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006), the IJ was not required to reach that issue as Sanogo's failure to timely file was dispositive, *see* 8 U.S.C. § 1158(a)(2)(B), (3). Accordingly, we deny Sanogo's petition to the extent it challenges the denial of asylum.

3

## II.  Adverse Credibility Determination

For applications such as Sanogo's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008) (per curiam).  "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167.

The adverse credibility determination here is supported by substantial evidence.  The IJ reasonably relied on the following inconsistencies and omissions: (1) Sanogo's application did not mention his hospital visit upon his release from Ivorian police custody; (2) he testified that he first traveled to Burkina Faso and applied for a U.S. visa upon his release in order to escape further harm, but later conceded he had previously applied for a student visa

4

in Burkina Faso in 2003 and 2004; (3) he returned to Ivory Coast in 2006 because he believed "there would be no more problem[s]," but undermined that statement by conceding he had been aware of increased violence against ethnic Dioulas that year and by explaining that his father had been attacked earlier in 2006; (4) he then changed the year of his father's attack to 2007; and (5) he testified that he gave his attorney the passport he used to enter Ivory Coast, but, when the attorney denied receiving it, said it was stolen during his father's attack.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166.

The adverse credibility determination is further supported by the IJ's demeanor finding to which we generally defer and of which can be particularly confident because Sanogo's non-responsive testimony is reflected in the hearing transcript.  *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006).

The IJ also properly considered Sanogo's failure to provide convincing corroborating evidence in finding him not credible.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  When an applicant's testimony has already been called into question, a failure to corroborate may further

5

bear on the applicant's credibility. *Id.* The IJ reasonably expected evidence that Sanogo was a member of the Rally of the Republicans ("RDR"), participated in protests, sought medical attention after his detention, and returned to the Ivory Coast in 2006. *See id.* Although Sanogo asserted that his RDR membership papers had been confiscated and that his father, an RDR opponent, refused to obtain replacements, the IJ reasonably rejected this explanation because his father had twice facilitated his travel to the United States and had no reason not to obtain these documents. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (providing that the agency need not credit an applicant's explanations unless they would compel a reasonable fact-finder to do so). The IJ also reasonably rejected Sanogo's explanation that his passport was stolen from his father because his testimony regarding that attack was inconsistent. *See id.*

Given these inconsistencies, the omission, the lack of corroboration, and Sanogo's non-responsive testimony, the totality of the circumstances supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Yanqin Weng*, 562 F.3d at 513. The adverse credibility determination necessarily precludes withholding of removal

and CAT relief to the extent they relied on Sanogo's RDR membership and claim that his family was attacked.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

**III. Future Harm based on Ethnicity**

It is unclear whether the IJ found that Sanogo's lack of credibility also undermined his claim of Dioula ethnicity.  The IJ's adverse credibility determination therefore did not preclude withholding or CAT relief based on that claim.  *See Paul*, 444 F.3d at 156 (requiring a separate analysis of withholding and CAT eligibility when claim is not entirely predicated on testimony deemed not credible).  Nevertheless, as the IJ reasonably found, Sanogo failed to establish a likelihood of harm based on his ethnicity, given that his evidence did not address Dioulas specifically, and the 2007, 2008, and 2010 U.S. State Department Human Rights Reports state that the Ivorian government outlawed racism and tribalism and that, with the exception of some violence between other tribes, there is only inter-tribal discrimination.  *See* 8 C.F.R. §§ 1208.16©, 1208.17.

7

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk